THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DOUGLAS W. HEIM
*Assistant Corporation Counsel*
phone: (212) 788-1298
fax: (212) 788-9776
dheim@law.nyc.gov

July 24, 2008

**BY FAX: (212) 805-7928**
Honorable Michael H. Dolinger
U.S. Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

ENDORSED ORDER

Plaintiff's oral application for appointment of counsel is denied, without prejudice to renewal once his deposition has been conducted. Defendants' attorney is to supply a copy of the transcript of that deposition to the court as soon as it receives [it].

8/1/08

Re: Raheem Davis v. Singe #2058, et al., 07 Civ. 6943 (LAP)(MHD)

Your Honor:

   As the Assistant Corporation Counsel assigned to the defense of this matter, I write pursuant to the Court's July 21, 2008 order for defendant Ventimiglia to provide his position with respect to appointment of counsel for plaintiff. This office takes no position on the appointment of counsel in this matter. However, in the interests of an efficient resolution to plaintiff application, defendant provides his assessment of the merits of this action.

   As Your Honor noted in the Court's December 19, 2007 order, an application for appointment of counsel must have some merit. (See Docket Entry # 11). Plaintiff claims, inter alia that he was falsely arrested and subjected to excessive force on May 8, 2005. Accordingly, defendant offers the following assessment of those claims for the purposes of plaintiff's oral application for the appointment of counsel:

   False Arrest

   Officers on the scene of plaintiff's arrest on May 8, 2005 responded to the complaint of LaDawn Flowers (the mother of plaintiff's children). Ms. Flowers provided a signed, written statement to police on the date of the alleged incident, affirming that plaintiff threatened to kill her, drew a knife and physically assaulted her. (See Exhibit A). Accordingly, plaintiff's allegation of mistaken identity appears to be without merit. (See Complaint at § III, Part B).

More importantly, the complaint of Ms. Flowers establishes probable cause to arrest plaintiff in these circumstances, as officers have probable cause to arrest if they received "information from some person, normally the putative victim or eyewitness," unless the circumstances raise doubt as to the person's veracity. See e.g., Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. N.Y. 2006). Accordingly, plaintiff's false arrest claims should fail as a matter of law.

### Excessive Force

As defendants have not yet received plaintiff's medical records, it is difficult at this juncture to assess the evidence of plaintiff's claims. It is clear that defendant Ventimiglia did not respond to the scene of plaintiff's arrest. Rather, defendant Ventimiglia's involvement was limited to being assigned the arrest after plaintiff was in custody. However, this office identified the officers who responded to the scene of plaintiff's arrest on February 29, 2008 (See February 29, 2008 letter to Plaintiff and the Court identifying the officers at the scene of plaintiff's arrest).

Accordingly, given that it is now July 24, 2008, plaintiff has had ample time to serve the officers he alleges subjected him to excessive force. More importantly, the statute of limitations in a § 1983 claim in New York State is three years. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Under § 1983, a claim accrues at the time that a plaintiff knows, or has reason to know, of the injury that is the basis of his action. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Therefore as plaintiff alleges he was subjected to excessive force on May 8, 2005 by officers at the scene of his arrest, the statute of limitations ran as against those officers on May 9, 2008. Therefore, plaintiff's excessive force claim must fail as a matter of law.

While defendant takes no position of plaintiff's oral application for the appointment of counsel, it is respectfully submitted that the merits of plaintiff's claim are suspect and his ultimate likelihood of success on the merits is low.

Thank you for your consideration of the within matter.

Respectfully submitted,

Douglas W. Heim (DH 5238)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Raheem Davis (By first class mail)
Plaintiff *pro se*
# 58146-054
MDC-Brooklyn
P.O. Box 329002
Brooklyn, New York 11232

**EXHIBIT A**

32 pct    250    w 135 st    1930    5/8/05

x I LaDawn Flowers ~~now~~ resides at 40 Richman Plaza 27J Bronx NY 10453 Today on 5-8-05 I miss Flowers and my daughter father Raheem Davis got in into a verbal and physical fight which involved some pushing and a knife wa ~~on which no one was stabbed~~ drawn but NDone was stabbed.

I recieved a phone call from Raheem Davis at 5:00pm asking me did I sleep with. One of his friends and he said he was going to kill me if I lied to him. and Raheem came over to my grandma's house to talk to me and I grabbed ~~him~~ his arms to talk to him and he pushed me and I ran to my Aunt's house upstairs and someone called the police.

x LaDawn Flowers
x P.O. Allen Huff #16398