USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
RAHEEM DAVIS,                 :     07 civ. 6043 (LAP)(MHD)
                              :
            Plaintiff,        :
                              :     ORDER
    v.                        :
                              :
SINGE; P.O. STEVEN            :
VENTIMIGLIA & JOHN DOE        :
OFFICERS,                     :
                              :
            Defendants.       :
------------------------------X

MAILED TO PLFF + COUNSEL

LORETTA A. PRESKA, United States District Judge:

Having reviewed the parties' letters (attached), Plaintiff's requests for relief and applications are denied.

Plaintiff is cautioned about filing conclusory statements without any evidentiary support (e.g., that the 911 call was a "fraud") and statements that contradict his own deposition testimony (e.g., that Defendant Ventimiglia was present at Plaintiff's arrest).

DATED:  New York, New York
        July 13, 2009

                              _____
                              LORETTA A. PRESKA, U.S.D.J.


Cc: Magistrate Judge Dolinger



| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DOUGLAS W. HEIM<br>*Assistant Corporation Counsel*<br>phone: (212) 788-1298<br>fax: (212) 788-9776<br>dheim@law.nyc.gov |
|---|---|---|

July 6, 2009

**BY FAX: (212) 805-7941**
Honorable Loretta A. Preska
Chief United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

        Re:    Raheem Davis v. Officer Steven Ventimiglia, et al., 07 Civ. 6043
              (LAP)(MHD)

Your Honor:

        As the Assistant Corporation Counsel representing defendant Officer Ventimiglia in this matter, I write in response to plaintiff's application dated June 29, 2009, wherein he accuses defendant Ventimiglia, non-parties Officer Colleen Helly and Sergeant Michael Vento, as well as the undersigned of violating his "civil rights" by purportedly submitting sworn declarations and documents in "bad faith" in support defendant Ventimiglia's Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment of June 22, 2009. Defendant respectfully submits that these accusations are baseless and improper, and that any relief requested by plaintiff in said application should be denied.[1] Defendant will supplement this letter with a formal Memorandum of law should the court deem it appropriate.

---

[1] Plaintiff's primary request is that defense counsel be held "in contempt of court" for "fraud" and "perjury." (See Plaintiff's June 29, 2009 Application ("Pl. Application"), p. 4). However, plaintiff also cites myriad federal criminal statutes under Title 18 of the United State Code. (See Pl. Application, ¶4). Defendant also notes that plaintiff requests his Motion for Summary Judgment be granted. In the event that plaintiff does not submit an Opposition to Defendant's Cross Motion for Summary Judgment, defendant will also address plaintiff's arguments in defendant's Reply Brief, to be filed and served on or before August 7, 2009.

On June 22, 2009, the undersigned served plaintiff with defendant Ventimiglia's opposition to plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. In support of same, defendant Ventimiglia, and non-party witnesses Officer Colleen Helly and Sergeant Michael Vento submitted declarations attesting that Officer Ventimiglia did not respond to the scene of plaintiff's arrest and was assigned to process plaintiff's arrest by Sergeant Vento at the 32nd Precinct Stationhouse. (See June 22, 2009 Declaration of Douglas Heim ("Heim Decl."), submitted with defendant's motion papers of the same date, and annexed exhibits C, E, and F – the Declarations of Ventimiglia, Vento, and Helly respectively). These declarations were supported by New York City Police Department ("NYPD") documents, including, but not limited to, defendant Ventimiglia's NYPD Memobook Entries (annexed to the Ventimiglia Declaration as Exhibit "2"), and the NYPD Arrest Report (annexed to the Ventimiglia Declaration as Exhibit "1"). Both documents explicitly note that defendant Ventimiglia was "assigned" plaintiff's arrest.

In his application, plaintiff sets forth nothing of substance in support of an accusation that the aforementioned declarations constitute fraud or perjury. Plaintiff contends that because the defendant's name appears on the arrest report, which also notes that force was used, defendant himself must have been at the scene of plaintiff's arrest. However, this contention was fully and explicitly addressed in Point 1 of Defendant's June 22, 2009 Memorandum of Law in Support of His Cross-Motion and in Opposition to Plaintiff's Motion for Summary Judgment ("Def. Memo"). Defendant's Memo clearly explains that defendant Ventimiglia processed the arrest and filled out paperwork at the Precinct Stationhouse based on what Sergeant Vento, Officer Helly and other NYPD personnel told him, i.e., that force was used at the scene of plaintiff's arrest. (Def. Memo, at pp. 6-8). Also as set forth in Def. Memo, plaintiff's accusations are further belied by his own deposition testimony, where he conceded lack of knowledge about defendant Ventimiglia's identity and what part he played in plaintiff's arrest. (Id.).

Plaintiff's other primary allegation appears to be that the transcript of the 911 Call, annexed as an Exhibit to the Declaration of Sergeant Vento is also a "fraud." Plaintiff does not set forth the basis of his knowledge that it is a fraud. Rather, he conclusorily asserts that 911 Call was 2 hours after the alleged incident despite the fact that the 911 transcript is consistent with the rest of the record submitted with defendant's motion papers, including the arrest report and statement of the victim, LaDawn Flowers (Ms. Flowers's Statement indicates that plaintiff came to see her after 5:00 p.m., the 911 transcript indicates a call at 17:52 (5:52 p.m.), and the arrest report indicates the time of arrest as 18:10 (6:10 p.m.)). Hence, it is evident that plaintiff asks the Court to find that defendant, defense counsel and two non-party witnesses are liars based on nothing but his own conclusory suppositions.

Accordingly, defendant respectfully requests that the Court deny plaintiff's application in its entirety and further direct plaintiff to refrain from making baseless and inappropriate applications in the future.

Thank you for your consideration herein.

Respectfully submitted,

Douglas Heim
Assistant Corporation Counsel

cc: Mr. Raheem Davis (by first class mail)
#58146-054
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

United States District Court 1 of 4
Southern District of New York

-------------- *

Raheen Davis #58A6054           | Declarat-
            Plaintiff           | ion of
                                | Raheen
        Against -               | Davis
                                | 07cv6043
P.O. Steven Ventimiglia and     | (LAP)(MHD)
8 John Doe Officers             |
            Defendants          |

-------------- *

I Raheen Davis, declares under penalty of Perjury and pursuant to 28 USC §1746, that the following is True and correct.

1. I Raheen Davis is the Plaintiff in this case.

2. I am competent enough to Administrate this Affidavit and know and understand the consequences of making any false statements.

3. I promulgate that I have read all the discovery and motions that was filed on behalf of P.O. Steven Ventimiglia.

2 of 4

4. It is to my knowledge and belief that Mr. Douglas Heim (Attorney for the Defendant), and all his witnesses made Declarations for Mr. ventimiglia in bad faith committing fraud on the court and violated Federal statutes pursuant to 18 USC §§ 2, 241, 242, 371, 1623, 2071 and 28 USC 1746 violating the civil rights of Raheem Davis.

5. A review of the Discovery and June 22, 2009 cross-motion Defense (Exhibit 1) clearly promulgate on the Bottom Left-hand corner Mr. ventimiglia did used force and chemical Agents. Which contradict the Defense whole cross-motion. Also, this Transcript of the Alleged 911 call is a fraud and cannot be real. It from a female by the name of monique who complaint was that A Raheem Davis Possessed a Firearm at 104 W. 39 street America Ave Broadway #1754, wearing a Blue Jean Jacket an Apt Bldg 1754. (08 may 05 2029 Live).

3 of 4

6. I strongly object to those Transcript's of this Allege 911 call under the grounds that it was 2 hours after the allege incident, its for a totally different location, and if this Monique was identifying me in her complaint produce the oral call and her declaration.

7. I never had any Gun or knife and the officer Planted that knife underneath that car (mr. ventiniglia). see, Blanked out portion of property form.

8. There was no Probable cause because the N.Y.P.D can not or have not produced any witnesses that identified me prior to knocking on 104 west 139 street #2 Door that I had a gun.

9. Mr. Ventiniglia have been identified in my complaint as being one of the officers that Assaulted me, and that's collaborated by Defense (exhibit 1).

4 of 4

10. I didn't have my hands in my pocket and no statements was giving to me. The officers pulled me out of the Apartment for no reason and started Assaulting me.

Wherefore, If its any Justice system in the southern District of New York. Mr. Douglas Heim and all his witnesses must be held in contempt of court for committing fraud on the court and perjury. Also in the interest of Justice Grant my Summary Judgement motion and all respects.

I declare under the penalty of perjury that the foregoing is True and correct Also, that I gave this document to prison Authorities on June 28, 2009 to mail by first class mail to the Pro se office of the Southern District of New York.
Brooklyn, NY
June 28, 2009

cc. copy:
Mr. Douglas Heim.    MDC Brooklyn
                     100-29 street