USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
RAHEEM DAVIS,                   :   07 Civ. 6043 (LAP)(MHD)
                                :
            Plaintiff,          :
                                :
    v.                          :   MEMORANDUM & ORDER
                                :
P.O. STEVEN VENTIMIGLIA and     :
8 JOHN DOE OFFICERS,            :
                                :
            Defendants.         :
------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

 Pro se Plaintiff Raheem Davis ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 claiming that Defendants Steven Ventimiglia ("Ventimiglia") and eight other unidentified NYPD officers violated his rights by using excessive force, by intentionally inflicting emotional distress, and by falsely arresting him. Plaintiff now moves pursuant to Fed. R. Civ. P. 56 for summary judgment. Defendant Ventimiglia cross-moves for summary judgment on several grounds including: (1) Plaintiff cannot establish an excessive force claim against Ventimiglia; (2) probable cause existed for Plaintiff's arrest; and (3) Plaintiff's state law claims, to the extent he alleged any, are barred due to his failure to comply with mandatory conditions precedent to file suit against a New York municipality or its employees. For the

reasons set forth below, Plaintiff's motion for summary judgment is DENIED, and Defendant's cross-motion for summary judgment is GRANTED.

I.   BACKGROUND[1]

---

[1] The following facts are taken from Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Pl. 56.1 Stmt."), Defendant's Response to Plaintiff's Statement Pursuant to Local Civil Rule 56.1 ("Def. 56.1 Resp."), Defendant's Statement Pursuant to Local Rule 56.1 ("Def. 56.1 Stmt."), and all accompanying declarations and exhibits. It should be noted that Plaintiff's 56.1 Statement contains largely conclusory allegations, and as support for these assertions, Plaintiff cites to the transcript of his criminal case, United States v. Davis, No. 05 Cr. 1157 (LAK) (S.D.N.Y.), but Plaintiff failed to provide the pages to the cited portions of the transcript. Counsel for Defendant, Douglas Heim, recognized Plaintiff's deficient Local Rule 56.1 statement, sorted through the lengthy trial transcript and provided this Court with the relevant portions (see Declaration of Douglas Heim ("Heim Decl."), Ex. G). The Court appreciates Mr. Heim's efforts to assist both Plaintiff, who is proceeding pro se, and this Court, which was spared from digging through voluminous court records. That said, this Court will accept as true only the statements in Plaintiff's 56.1 Statement that are supported by the factual record and will disregard the conclusory allegations. Additionally, Plaintiff failed to file a counter-statement of facts to Defendant's 56.1 Statement as required by Local Rule 56.1(b). Because Plaintiff is proceeding pro se, this Court will interpret his "papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court further will "consider the totality of the parties' submissions in identifying disputed material facts and will construe those disputed facts in [the non-movant's] favor as is appropriate on summary judgment." Hamilton v. Bally of Switz., No. 03 Civ. 5685, 2005 WL 1162450, at *9 (S.D.N.Y. May 12, 2005); see also Melendez v. DeVry Corp., No. 03 Civ. 1029, 2005 WL 3184277, at *2 (E.D.N.Y. Nov. 29, 2005) (examining "the entire record before the court, (cont'd on next page)

2

On May 8, 2005, several NYPD officers including Police Officer Coleen Helly, Police Officer Erick Larios, and Sergeant Michael Vento responded to a 911 call which relayed information that a black male named Raheem Davis, wearing a blue jeans jacket, was in an apartment building at 104 West 139th Street and was holding a firearm. (See Pl. 56.1 Stmt. ¶ 1; Def. 56.1 Resp. ¶ 1; Def. 56.1 Stmt. ¶ 20; Declaration of Michael Vento ("Vento Decl.") ¶ 4, Ex. 1.) According to Plaintiff, he and his girlfriend, LaDawn Flowers, got into a heated argument that resulted in Plaintiff's pushing Ms. Flowers and Ms. Flowers' leaving the apartment. (See Heim Decl., Ex. D ("Davis Dep.") at 33:6-7, 56:3-15.) When the officers arrived at the apartment, they were met at the door by Ms. Woodley. (See Pl. 56.1 Stmt. ¶ 5.) Officers asked Ms. Woodley if Plaintiff was present in the apartment and, when she said that he was, the officers asked if Plaintiff would come to the door. (See id. ¶ 7; Def. 56.1 Resp. ¶ 7; Davis Dep. at 61:16-62:14; 65:9-12.) Plaintiff testified that at this point, Officer Larios pulled him out of the apartment, threw him against the wall, and, after Plaintiff began to

---

(cont'd from previous page) glean[ing] the material facts therefrom, and decid[ing] the motion based on those facts" despite pro se plaintiff's failure to comply with Local Rule 56.1(b)).

3

struggle, the officers choked him and sprayed him with mace. (See Pl. 56.1 Stmt. ¶ 9; Def. 56.1 Stmt. ¶¶ 12-16; Davis Dep. at 56:3-15, 65:3-66:10.) According to Plaintiff, six officers were present at the scene: Officer Larios, Sergeant Vento, a "big black officer," a "white female officer," a "black female officer," and an "Asian" officer. (Davis Dep. at 64:5-7, 15-23; 66:3-10, 16-25; 67:1-68:14.) Plaintiff testified that he was "sure" and "positive" that Sergeant Vento, Officer Larios, "the black officer," and an "Asian" officer assaulted him and that Officer Singe, an "Asian officer" was the arresting officer. (Id. at 69:22-71:3; 85:21-86:12.) After he was placed under arrest, Plaintiff was taken to the 32nd Precinct. (See Pl. 56.1 Stmt. ¶ 10.)

At the precinct, Ms. Flowers wrote and signed two statements indicating that Plaintiff pushed her, that a "knife was drawn" and that Plaintiff threatened to kill her. (See Declaration of Coleen Helly ("Helly Decl.") ¶¶ 15-20, Ex. 1.) A silver knife, attributed to Plaintiff, was brought to Officer Ventimiglia who vouchered it. (See Declaration of Steven Ventimiglia ("Ventimiglia Decl.") ¶¶ 6-7, 19, Exs. 2, 3.) Eventually, Plaintiff was transported to Harlem Hospital Center at approximately 8:30 p.m. (See id. ¶ 20; Heim Decl., Ex. H. Plaintiff was

4

treated for contusions and minor abrasions. (See Heim Decl., Ex. H.)

Despite Plaintiff's allegations, Defendant Ventimiglia maintains that he was never present at the scene of the arrest and was only assigned to process Plaintiff at the precinct. (See Ventimiglia Decl. ¶¶ 15-16, Ex. 2; Vento Decl. ¶¶ 6, 12; Helly Decl. ¶¶ 6, 14.) Based on the information received from Officer Vento, Officer Helly, and LaDawn Flowers, Defendant Ventimiglia charged Plaintiff with criminal possession of a weapon, menacing in the second degree, obstruction of governmental administration, and resisting arrest. (See Ventimiglia Decl. ¶¶ 5, 8, 10-14, Ex. 1; Vento Decl. ¶¶ 11, 15; Helly Decl. ¶¶ 19-20.)

II. ANALYSIS

    A.    Fed. R. Civ. P. 56 Standard

A moving party is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the party is] entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Overton v. New York State Div. of Military and Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004).

In assessing whether summary judgment is proper, the Court construes the evidence in the light most favorable to the non-moving party. Lucente v. IBM Corp., 310 F.3d 243, 253 (2d Cir. 2002). Here, because each party is moving for summary judgment, the moving party bear the initial burden of providing the basis for the motion and identifying the evidentiary materials, if any, supporting their position. See Grady v. Affiliated Central, Inc., 130 F.3d 553, 559 (2d Cir. 1997.) The non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Mere speculation and conjecture will not suffice. See Niagara Mohawk Power Corp. v. Jones Chemical Inc., 315 F.3d 171, 175 (2d Cir. 2002).

B.   Plaintiff's Motion for Summary Judgment

It is well established that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman

6

v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and citations omitted). This policy is driven by an understanding that implicit in the right of self-representation is the obligation upon a court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of their legal rights due to their lack of training. See id. at 475. However, a pro se party cannot oppose summary judgment by merely resting on conclusory allegations or denials; he must produce "some affirmative indication that his version of relevant events is not fanciful." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

Here, Plaintiff's motion for summary judgment, even if construed in a light most favorable to Plaintiff (due to his pro se status), fails to demonstrate that "no genuine issue of material fact exists." D'Amico v. City of New York, 132 F.3d 135, 149 (2d Cir.), cert. denied, 524 U.S. 911 (1998). First, Plaintiff's material facts in support of his motion contain little more than unsupported allegations and conclusions. The only evidence that could remotely be construed to support Plaintiff's position is the testimony of LaDawn Flowers in Plaintiff's criminal case, United States v. Davis, No. 05 Cr. 1157 (LAK) (S.D.N.Y.). (See Heim Decl., Ex. G at 945:5-946:17.)

7

However, Ms. Flowers testified that she saw the officers "tussling with [Plaintiff]." (Id. at 945:15.) She did not, and could not, testify as to whether the officers were unprovoked when they restrained Plaintiff. And, Plaintiff's unsworn statements in his moving papers to the contrary cannot create a material issue of fact. Khezrie v. Greenberg, 53 F. App'x 592, 593 (2d Cir. 2002) (finding that "a party's self-serving and conclusory testimony to the contrary that is unsupported by the evidence is insufficient to raise an issue of fact to defeat summary judgment.") (internal quotation marks and citations omitted). Accordingly, because Plaintiff has offered no genuine material facts in support of his motion for summary judgment, his motion is denied in its entirety.

    C.    <u>Defendant's Motion for Summary Judgment</u>

        i.    <u>Excessive Force</u>

"[I]t is well settled in [the Second] Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Absent allegations, supported by evidence, that a defendant personally participated in the alleged § 1983 violation, any claims against that defendant

8

should be dismissed. See Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (dismissing § 1983 claim where there were no allegations that the defendant "engaged directly" in any of the actionable conduct). A police officer is personally involved in the use of excessive force if he either (1) directly participates in the use of force, or (2) was present during the use of force and failed to intervene on behalf of the victim even though he had the opportunity to do so. See Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997); see also Smart v. City of New York, No. 08 cv 2203, 2009 WL 862281, at *3 (S.D.N.Y. Apr. 1, 2009) (dismissing claims against defendants who were not among the officers alleged to have used excessive force).

Here, Plaintiff has put forth no evidence placing Defendant Ventimiglia at the scene where Plaintiff alleges the use of excessive force occurred. Plaintiff merely points to Ventimiglia's memo book to support the allegation that Ventimiglia was present at the scene. However, Ventimiglia's memo book clearly indicates that the officers at the scene were: Sergeant Vento, Officer Larios, Officer Helly, and Officer Collado. (See Ventimiglia Decl., Ex. 2.) Moreover, two of the officers on the scene submitted sworn declarations indicating that Defendant Ventimiglia was not

9

present at the scene. (See Vento Decl., ¶ 6; Helly Decl., ¶ 6.) Accordingly, because Plaintiff has put forth no evidence supporting his allegation that Defendant Ventimiglia participated in the use of excessive force and because Defendant Ventimiglia has put forth several, material pieces of evidence indicating that he was not present at 104 West 139th Street, Defendant Ventimiglia's cross-motion for summary judgment on the excessive force claim is granted.

### ii.  False Arrest

A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Id. (internal citations omitted); see also Broughton v. State, 37 N.Y.2d 451, 456-57 (1975) (holding that plaintiff will prevail on a claim of false arrest under New York law if he can show that the arrest was not privileged, i.e., not based on probable cause). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person

10

of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852. "'[P]robable cause to arrest can exist even when the arrest is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying upon that information.'" Coyle v. Coyle, 153 F. App'x 10, 12 (2d Cir. 2005) (quoting Welch v. City of New York, No. 95 Civ. 8953, 1997 WL 436382, at *5 (S.D.N.Y. Aug. 4, 1997). Additionally, as is the case here, the fact that charges may be later dismissed is irrelevant to a determination of probable cause at the time of arrest. See Thompson v. City of New York, 603 F. Supp. 2d 650, 658 (S.D.N.Y. 2009). Finally, an "arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

Here, officers responded to a 911 call that identified the Plaintiff by name and warned that he was carrying a gun. (See Def. 56.1 Stmt. ¶ 20; Vento Decl. ¶ 4, Ex. 1.) Moreover, LaDawn Flowers, the alleged victim of Plaintiff's assault, signed two written statements indicating that

11

someone called the police after Plaintiff pushed her and threatened her. (See Def. 56.1 Stmt. ¶¶ 20, 25, 28.) Indeed, Plaintiff admitted in his deposition to pushing Ms. Flowers. (See Davis Dep. at 56:3-15.) This information was available to Defendant Ventimiglia before he charged Plaintiff. Therefore, based on the 911 call, the accounts of the officers who responded to the scene, and the written statements of Ms. Flowers, Defendant Ventimiglia had probable cause to charge Plaintiff. Similar to his claim for excessive force, Plaintiff puts forth no evidence rebutting Defendant's evidence. Accordingly, Defendant Ventimiglia's cross-motion for summary judgment on the false arrest claim is granted.

### iii. Remaining State Law Claims

To the extent Plaintiff has alleged any state law claims against the Defendants (the Amended Complaint does not affirmatively assert any state law claims), Defendants argue that any such claims are barred because Plaintiff did not file a timely Notice of Claim. New York General Municipal Law ("GML") §§ 50-e and 50-i require that plaintiffs asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must (1) file a notice of claim within ninety days after the incident giving rise to the claim, and (2)

commence the action within a year and ninety days from the date on which the cause of action accrues. N.Y. Gen. Mun. L. §§ 50-e and 50-i (Consol. 2001). In addition, GML § 50-i(b) requires that "it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused . . . ." Id. The failure to comply with any condition is grounds for dismissal of the action. See Silberstein v. County of Westchester, 92 A.D. 867 (N.Y. App. Div., 2d Dep't, 1983), aff'd, 62 N.Y.2d 675 (1984).

Here, there is no indication that Plaintiff complied with the notice of claim procedures. Moreover, the alleged abuse took place on May 8, 2005, but Plaintiff did not file his claim until June 26, 2007--well outside the one year and ninety days prescribed by law. N.Y. Gen. Mun. L. § 50-i. Accordingly, to the extent the Complaint alleged any state law claims, those claims are dismissed due to Plaintiff's failure to comply with the mandatory notice of claim procedures.

CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment [dkt. no. 45] is DENIED, and Defendant Ventimiglia's cross-motion for summary judgment [dkt. no. 59] is GRANTED.  The Clerk of the Court shall mark this action CLOSED and all pending motions DENIED as moot.

SO ORDERED.

DATED: New York, New York
       December 21, 2009

*Loretta A. Preska* (signature)

LORETTA A. PRESKA, Chief U.S.D.J.


Cc: Magistrate Judge Dolinger